**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE J. JOHNSON,

    Plaintiff-Appellant,

    v.

WYOMING DEPARTMENT OF
CORRECTIONS PAROLE BOARD;
WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY,

    Defendants-Appellees.

No. 97-8092
(D.C. No. 96-CV-269)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered

submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Willie Johnson, a state prisoner appearing pro se, appeals the district court's orders granting summary judgment for defendants and dismissing his petition for habeas relief under 28 U.S.C. § 2254. Johnson seeks a certificate of appealability. This court will issue a certificate of appealability when there is a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). We deny a certificate of appealability and dismiss the appeal.

Johnson pleaded guilty to aggravated assault and delivery of a controlled substance and was sentenced to two consecutive terms of four to six years' imprisonment. He began serving his first sentence on October 3, 1989, and was eligible for parole on his first sentence on April 3, 1994, at which time he could begin serving his second sentence. On March 10, 1993, the Parole Board notified Johnson he was eligible for parole and Johnson signed a parole agreement, which provided in part:

> I understand that a grant of my parole may be conditioned on various factors and arrangements, including my parole plan; that these factors and arrangements need to be investigated and approved; and that any parole which I might receive is not valid and executed until this investigation and approval has been completed and I am actually released to parole. *I understand that prior to being released to parole, if it is determined that my parole was produced by fraud or mistake, or if I violate the law and/or institutional rules, my parole is subject to rescission.*
> . . . .
> In consideration of the foregoing agreement, and upon determination that Willie Joe Johnson (WSP #15218) is eligible for parole, the Board of Parole of the State of Wyoming hereby grants a parole, conditioned upon the general and special conditions listed above and such other conditions as may be required of him for the unexpired term of the sentence imposed upon him by the Judge of the District Court of the 1st Judicial District,

> County of Laramie, on the 6th day of October, 1989, said sentence being for 4 to 6 years . . . for the crime of Aggravated Assault . . . .
>
> Provided, however, that said grant of parole is subject to rescission prior to release to parole and for revocation at any time for violation of the terms and conditions of the aforesaid agreement.

Record I, Doc. 12, Exh. B (emphasis added). Johnson was eligible to be released on parole from his first sentence on June 4, 1993. Johnson was involved in an argument on May 4, 1993, which resulted in his being placed in isolation. While he was being transferred to isolation, he told the authorities there was a weapon in his cell. The weapon was recovered and Johnson pleaded guilty to possession or manufacture of weapons at a disciplinary hearing on May 25, 1993. The Parole Board convened on July 14 and rescinded Johnson's eligibility for parole. It is undisputed Johnson had not received a parole release date after he executed the agreement.

Johnson filed a 42 U.S.C. § 1983 action in the district court, alleging the Parole Board violated his constitutional rights in revoking parole without a hearing and the benefit of counsel. The court dismissed the action based on Eleventh Amendment immunity, but construed the remaining claims as a habeas action and ordered defendants to file an answer. Defendants responded and filed a motion for summary judgment, which was granted.

A prisoner does not have a liberty interest in parole eligibility. Jago v. Van Curen, 454 U.S. 14, 21 (1981). However, a prisoner who has been released and who has had his parole subsequently revoked does have a liberty interest in his parole. See Morrissey v.

<u>Brewer</u>, 408 U.S. 471, 477 (1972). Thus, "[t]here is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires [as in parole eligibility]." <u>Greenholtz v. Inmates of Neb. Penal & Correctional Complex</u>, 442 U.S. 1, 9 (1979).

The agreement signed by Johnson did not grant parole. Instead, the plain language of the document indicates Johnson was *eligible* for parole and his parole summary indicates the earliest date he could have been actually paroled was June 4, 1993. By June 4, he had already violated the agreement by pleading guilty to possession or manufacture of weapons. Clearly, he was not paroled on March 10 when the agreement was signed and he was not eligible for parole on June 4. Therefore, he had no liberty interest in his parole that would have entitled him to a hearing or to be represented by counsel when the Parole Board rescinded his parole eligibility and denied his parole on July 14, 1993.

The request for certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge